# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GRAHAM HARRY SCHIFF, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-19-2752 |
| KATHERINE GETTY, Assistant State's Attorney, | * | |
| | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

Pro se plaintiff, Graham Harry Schiff, an inmate confined at the Montgomery County Correctional Facility in Boyds, Maryland, alleges that Assistant State's Attorney, Katherine Getty, filed a peace order against him based on knowingly false information. Schiff also filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 1), which the Court grants.

On April 25, 2017, Schiff was convicted in the Circuit Court for Montgomery County, Maryland, of stalking and harassment. *See* Case 131537C. The Circuit Court sentenced Schiff to 90 days' imprisonment on the harassment offense, and five years' imprisonment, with all but two years' suspended on the stalking offense, followed by two years' supervised probation. On September 26, 2019, Schiff was charged with new offenses of stalking, failure to comply with a lawful peace order, and harassment.[1] Those charges are still pending.

In this matter, the Complaint alleges that Assistant State's Attorney Getty swore out a peace order based on knowingly false information. The Complaint more particularly avers that Getty had previously prosecuted Schiff and thereafter sought to obtain a peace order against

---

[1] The Court has obtained information regarding Schiff's state criminal matters through the Maryland Judiciary Case Search website available at http://casesearch.courts.state.md.us/casesearch (visited October 1, 2019).

Schiff based on emails Schiff had sent to county police and Getty. ECF No. 1 at p. 3. The Complaint contends that the emails never mentioned Getty by name but rather discussed "a fiction doll 'State's Attorney Barbie.'" As a result of the supposed false peace order, Schiff was arrested and ordered to undergo expensive mental health and substance abuse treatment. Schiff remains in constant fear that Getty will "fabricate" additional civil or criminal actions against him. *Id.* at p. 4. As relief, he asks this court to nullify the peace order, bring criminal charges against Getty and reimburse him for expenses. *Id.* at p. 5.

## II. Discussion

The in forma pauperis statute permits an indigent litigant to commence an action in this court without prepaying the filing fee. 28 U.S.C. § 1915(a)(1). To prevent possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Although the Court must construe liberally the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that a court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented").

The Court begins by recognizing that Schiff fails to identify a federal constitutional provision or statute, or any other authority under which he may proceed in federal court. Schiff appears to fault Getty, as an Assistant States Attorney, for her role in prosecuting Schiff to include obtaining a peace order against him. In this respect, Getty enjoys immunity for suits arising from actions taken as a prosecutor in determining whether, when, and how to prosecute

an individual. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). Accordingly, accepting the factual allegations as true and most favorably to Schiff, Getty is immune from suit because the acts as described in the Complaint fall within her prosecutorial function. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

Alternatively, Schiff seeks relief that this Court cannot provide. First, with regard to bringing criminal charges against Getty, Schiff, as a private citizen, cannot demand that such charges be lodged. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Second, this Court cannot nullify a peace order issued by a state court or command a state court to reimburse Schiff for expenses associated with a state proceeding. At bottom, Schiff cannot obtain the relief he seeks.

For the foregoing reasons, it is this 2nd day of October 2019, by the United States District Court for the District of Maryland, hereby ordered:

1. The Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. The Complaint IS DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B);

3. The Clerk SHALL SEND a copy of this Order to Schiff and a courtesy copy to his defense counsel Thomas J. Stolz, Esq.; and

4. The Clerk SHALL CLOSE this case.

/S/
Paula Xinis
United States District Judge